# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALAIN COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-841-DRH |
| | ) | |
| MSG HAZE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly detained in the Madison County Jail and the Alton Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The allegations in the complaint are brief, sketchy, and conclusory. From the exhibits attached to the complaint, it appears that Plaintiff was arrested on charges of intimidation. Due to

his mental state, he was initially found unfit to stand trial and placed in the Alton Mental Health facility for treatment and further evaluation. Out of these circumstances, Plaintiff presents several distinct claims.

Plaintiff first alleges that Defendants Haze and Culp are liable for abuse of legal process by failing to investigate his verbal complaints. He also claims they used defective information in obtaining a warrant, and that the swat team damaged doors at his house. To the extent Plaintiff is challenging the fact of his arrest and current detention, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). As for property damage, the appropriate remedy may be found in action for damages in the Illinois Court of Claims, not in a federal civil rights action. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his claims against Haze and Culp are dismissed from this action with prejudice.

Plaintiff's second claim is against Judge Hackett of the Third Judicial Circuit in Madison County, Illinois. However, judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his claim against Hackett is dismissed from this action with prejudice.

Dr. Daniel Cuneo is the subject of the third claim. It seems he was the psychologist who initially examined Plaintiff pursuant to Judge Hackett's order. Plaintiff believes that Cuneo has some sort of "arrangement" with Hackett, and he is upset that Cuneo's evaluations seem to have more weight than evaluations provided by the medical team who worked with him for 90 days at Alton Mental Health. Plaintiff's conclusory claims are that Cuneo is liable for abuse of legal

process, defamation, discrimination, entrapment, medical negligence, and false imprisonment. None of these vague statements give rise to a viable constitutional claim. Therefore, Plaintiff's claim against Cuneo is dismissed from this action with prejudice.

Plaintiff's next two claims are similar. He alleges that Defendants Evans, Blankenship and Evans for examining his mail and legal documents. Although inmates have a First Amendment right both to send and receive mail, that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). *See also Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Furthermore, Plaintiff does not allege that he was harmed in any way by this examination. Thus, no constitutional violation occurred in this situation.

Finally, Plaintiff believes that it constitutes medical negligence for entry level correction officers at Madison County Jail to dole out medication to inmates, especially when they provide an inmate with the wrong medication. However, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Moreover, Plaintiff makes no allegation that he was harmed in any way by the officers' handling of medication. Therefore, he has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: December 7, 2007.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**